**SOLOS TECHNOLOGY LTD.,**
*Plaintiff-Appellee,*

**v.** **Appeal No. 26-1721**

**META PLATFORMS, INC., et al.,**
*Defendants-Appellees,*

**Lower Court: U.S. District Court for the District of Massachusetts (Case No. 1:26-cv-10304-ADB)**

**(DAITONA CARTER**
*Movant-Appellant.)*

**EMERGENCY MOTION TO COMPEL APPELLEES' APPEARANCE, REQUEST FOR RULING ON PENDING STAY, AND REQUEST FOR SERVICE ACCOMMODATIONS**

Movant-Appellant Daitona Carter ("Appellant") respectfully moves this Court for emergency relief:

**I. Non-Compliance of Appellees' Counsel**

This case was docketed on April 22, 2026. Under Fed. Cir. R. 47.3(b)(1), counsel for all Appellees were required to file an Entry of Appearance by May 6, 2026. To date, counsel for Meta Platforms (Paul Hastings LLP) and Oakley/Luxottica (Morgan Lewis & Bockius LLP) have failed to appear.

**II. Hardship and Misuse of Conventional Service**

Appellant and Plaintiff (Solos) are both registered ECF users. However, because

Appellees' counsel refuse to register for this Court's ECF system, Appellant is forced to serve them via paper mail. Appellant is a victim of TVPA violations, has $0 IFP status, is physically disabled, and has no telephone access. Forcing an indigent, disabled Appellant to bear the physical and financial cost of paper service—due solely to Appellees' counsel's rule violations—is an unconscionable burden.

**III. Request for Ruling on Emergency Stay**

The Emergency Administrative Stay filed on April 22 remains pending. Appellant requests an immediate ruling to prevent further harm.

**IV. Specific Relief Requested**

Appellant requests that the Court:

1. Compel All Counsel of Record: Issue an order compelling all counsel representing the Appellees in the originating tribunal (District of Massachusetts Case No. 1:26-cv-10304-ADB), specifically including the firms of Paul Hastings LLP and Morgan, Lewis & Bockius LLP, to register for this Court's electronic filing system and file mandatory Entries of Appearance within 48 hours;
2. Rule on Emergency Stay: Provide an immediate ruling on the pending Emergency Administrative Stay filed on April 22, 2026;

3. Deem Service Complete: Pursuant to the Court's discretion to accommodate a disabled, indigent (IFP) appellant, deem service of all filings "complete" upon Appellant's submission via the CM/ECF system, or alternatively, authorize service via email to all counsel of record to prevent further physical and financial hardship.

**V. Notice of Physical Incapacitation and Request to Waive Paper Service**

On May 15, 2026, Appellant filed a 135-page Renewed Request for Stay and Injunction. This filing was completed under extreme physical duress following a violent battery.

1. Appellant is physically unable to perform the manual labor required for conventional paper service of a 135-page document.
2. Appellees' counsel's continued refusal to register for ECF is an act of procedural bad faith that leverages Appellant's physical injuries against her.
3. Appellant requests that the Court deem service of the 135-page filing "complete" via ECF/Email.

Respectfully submitted,

/s/ Daitona Carter

DAITONA CARTER, Pro Se Movant-Appellant
General Delivery Delivery Points Authenticated via US-Appellate-ECF Gateway
E-Service/E-Filing Portal Access Only

## CERTIFICATE OF COMPLIANCE

1. This motion complies with the type-volume limitation of Fed. R. App. P. 27(d)(2)(A) because it contains 455 words.
2. This motion complies with the typeface requirements of Fed. R. App. P. 32(a)(5) and the type style requirements of Fed. R. App. P. 32(a)(6) because it has been prepared in a proportionally spaced typeface in 14-point Times New Roman.

**CERTIFICATE OF SERVICE**

I, Daitona Carter, certify that on May 16, 2026, I electronically filed the foregoing Motion using the CM/ECF system.

Because counsel for Appellees (Paul Hastings LLP and Morgan Lewis & Bockius LLP) have failed to file a mandatory Entry of Appearance or register for ECF, the system could not automatically serve them.

Due to my physical disability, lack of telephone, and $0 IFP status, I am unable to perform conventional paper service. I have therefore served the non-compliant counsel via email at:

**Paul Hastings LLP (Meta Platforms, et al)**

- **Eric E. Lancaster**: ericlancaster@paulhastings.com, ceciliaacosta@paulhastings.com, rayejones@paulhastings.com
- **Lisa K. Nguyen**: lisanguyen@paulhastings.com, ceciliaacosta@paulhastings.com
- **Matthias Kamber**: matthiaskamber@paulhastings.com, ceciliaacosta@paulhastings.com, jerricethomas@paulhastings.com
- **Stephanie Nicole Adamakos**: stephanieadamakos@paulhastings.com

**Morgan, Lewis & Bockius LLP (Ray-Ban /Oakley/Luxottica)**

- **Ali S. Razai**: ali.razai@morganlewis.com, vanessa.green@morganlewis.com
- **Andrew V. Devkar**: andrew.devkar@morganlewis.com
- **Brandon G. Smith**: brandon.g.smith@morganlewis.com, leslie.y.garcia@morganlewis.com, occalendardepartment@morganlewis.com

- **Katherine W. Soule**: katherine.soule@morganlewis.com, katie.thompson@morganlewis.com

Because counsel for Appellees have failed to comply with Fed. Cir. R. 47.3, I have served the legal teams at all email addresses of record in the originating District Court (1:26-cv-10304-ADB) to ensure actual notice and to mitigate the physical and financial hardship caused by their non-compliance.

I have served the 135-page Injunction and this Motion to Compel via email to all counsel of record for Meta Platforms, Inc. and Oakley/Luxottica. Due to my physical disability and indigency, and counsel's failure to register for ECF, this is the only viable method of service.

Appellant's filing was delayed by external technical interference with digital systems, further necessitating the Court's intervention to authorize a simplified, electronic-only service process.

I respectfully request that the Court deem this service sufficient under the circumstances.

Dated: May 16, 2026

/s/ Daitona Carter

DAITONA CARTER, Pro Se Movant-Appellant
General Delivery Delivery Points Authenticated via US-Appellate-ECF Gateway
E-Service/E-Filing Portal Access Only