NOTE: This order is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**SOLOS TECHNOLOGY LTD.,**
*Plaintiff-Appellee*

**v.**

**META PLATFORMS, INC., META PLATFORMS TECHNOLOGIES, LLC, OAKLEY, INC., LUXOTTICA OF AMERICA, INC., ESSILORLUXOTTICA USA, INC.,**
*Defendants*

**DAITONA CARTER,**
*Movant-Appellant*

---

2026-1721

---

Appeal from the United States District Court for the District of Massachusetts in No. 1:26-cv-10304-ADB, Judge Allison Dale Burroughs.

---

**ON MOTION**

---

PER CURIAM.

**O R D E R**

Daitona Carter moves for various relief, including to stay the underlying action, to reassign the case to another trial judge, for relief on the merits, ECF No. 19; to compel entries of appearance by the defendants and to deem service complete upon her submission of documents via the court's electronic filing system, ECF No. 20; and to designate a particular post office as her address for purposes of this appeal and to keep that address under seal, ECF No. 24.[1] Ms. Carter also submits a notice that her request for a stay is "ripe for immediate adjudication." ECF No. 22 at 2.

The court recently denied Ms. Carter's request for a stay. These motions—filed while that earlier motion was still pending—demonstrate no basis for a different outcome. The court also reiterates that to the extent Ms. Carter seeks relief on the merits, her arguments belong in her briefs. The court will take no action on any further motions seeking the same relief. As to service, all parties who have entered an appearance are registered with the court's electronic filing system, and the court's rules already provide that "[a] filing does not require proof of service if it is served on all parties through the court's electronic filing system" and that "[s]ervice of a filing to a user's email address registered with the court's electronic filing system at the time of the filing constitutes valid service." Fed. Cir. R. 25(e)(1). Ms. Carter is not obligated to serve parties who have not entered an appearance. As for Ms. Carter's address, the court will accept the identified address for purposes of this court's docket. However, she provides no basis to seal the information, particularly given the address is merely for a public post office.

Accordingly,

IT IS ORDERED THAT:

---

[1]    Ms. Carter also submits ECF No. 24 under seal.

(1)  ECF No. 22 is accepted for filing.

(2)  ECF No. 24 is granted only to the extent that the docket is updated to reflect the designated address for Ms. Carter.

(3)  The motions otherwise are denied, and ECF No. 24 is unsealed.

FOR THE COURT

June 29, 2026
Date

Jarrett B. Perlow
Clerk of Court