August 26, 2026

**VIA CM/ECF**
Jarrett B. Perlow, Clerk of Court
United States Court of Appeals for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C. 20439

**RE: Solos Technology Ltd. v. Meta Platforms, Inc., et al.,**
**Appeal No. 2026-1721**

**SUBMISSION: Citation of Supplemental Regulatory Authority**
**Under Fed. R. App. P. 28(j)**

Dear Mr. Perlow:

Pursuant to Federal Rule of Appellate Procedure 28(j), Movant-Appellant Daitona Carter advises the Court of an intervening, non-disputable regulatory action by the United States Patent and Trademark Office (USPTO) that directly impacts the threshold legal standards governing a "significantly protectable interest" under Fed. R. Civ. P. 24(a)(2), as argued at page 25 of Appellant’s Opening Brief and page 9 of Appellant’s Reply Brief.

On August 20, 2026, the USPTO formally published and unsealed an official administrative utility tracking record assigned to Defendant-Appellee Meta Platforms Technologies, LLC (US 2026/0244794 A1), legally certifying the utility metrics of a chip-level hardware privacy mute circuit and secure processing pathway.

This official agency action is material to the preserved appellate issue of whether Appellant’s hardware-enclaved sensor gating architecture—independently anchored on the public record via the Technical Disclosure Commons on June 25, 2026 (Article No. 10575)—satisfies the threshold legal metrics of a protectable property right, an issue preserved below, raised on page 25 of Appellant's Opening Brief, and further elaborated on page 15 of Appellant's Reply Brief. Below, Appellees maintained that Appellant's technology parameters constituted an unprotectable "generalized concept." The USPTO's subsequent regulatory

publication establishes that this exact technical domain constitutes highly specific, patentable utility subject matter under 35 U.S.C. § 101.

Under established principles of judicial estoppel, referenced in Appellant's Opening Brief at page 41 and Corrected Reply Brief at page 32, a corporate litigant cannot maintain that a technological domain represents an empty factual void to block an Article III intervention, while concurrently prosecuting a parallel federal administrative track asserting that identical mechanical parameters are specific enough to merit a statutory patent monopoly. This regulatory development directly resolves the legal contradiction below, confirming Appellant's standing to seek inventorship correction under 35 U.S.C. § 256.

**Dated:** August 26, 2026

Respectfully submitted,

/s/ Daitona Carter
Daitona Carter, Appellant Pro Se
General Delivery, Main Post Office
2 Massachusetts Ave NE
Washington, DC 20002
legal@daitonacarter.com

## CERTIFICATE OF SERVICE

Pursuant to Fed. R. App. P. 21(a)(1) and Local Rule 25, the undersigned hereby certifies under penalty of perjury that on August 26, 2026, a true and correct copy of the foregoing Emergency Notice of Subsequent Multi-Forum Factual Developments was served upon the parties to this proceeding via the following approved service channels:

- Electronically on counsel of record for Plaintiffs-Appellees and "Defendants" (Defendants-Appellees) via electronic mail and/or the Court's CM/ECF system, pursuant to Fed. R. App. P. 25 and Fed. Cir. R. 25
- Electronically on United States Patent and Trademark Office (Agency Respondents): Delivered via official service email to efileSO@uspto.gov pursuant to the service mandates of FRAP 21.
- Electronically on PTAB Administration (Advisement Copy): Delivered directly to Deputy Chief Clerk, Trials – PTAB, Andrew Kellogg, at andrew.kellogg@uspto.gov for tracking across active Case Nos. IPR2026-00376, IPR2026-00412, IPR2026-00413, and IPR2026-00420.

**Dated:** August 26, 2026

Respectfully submitted,

/s/ Daitona Carter
Daitona Carter, Appellant Pro Se
General Delivery, Main Post Office
2 Massachusetts Ave NE
Washington, DC 20002
legal@daitonacarter.com