**No. 2026-1721**

# United States Court of Appeals for the Federal Circuit

SOLOS TECHNOLOGY LTD.,

*Plaintiff-Appellee*,

v.

META PLATFORMS, INC., META PLATFORMS TECHNOLOGIES, LLC, OAKLEY, INC., LUXOTTICA OF AMERICA, INC., ESSILORLUXOTTICA, USA, LLC,

*Defendants*,

DAITONA CARTER,

*Movant-Appellant*.

Appeal from the United States District Court
for the District of Masschusetts
in 1:26cv–1034–ADB
Judge Allison D. Burroughs

## FRAP 28(j) LETTER MOVANT-APPELLANT DAITONA CARTER

DAITONA CARTER
Movant-Appellant Pro Se
2 Massachusetts Ave NE
General Delivery, Main Post Office
Washington, DC 20002
legal@daitonacarter.com

September 10, 2026

**VIA ELECTRONIC FILING**

Jarrett B. Perlow, Clerk of Court
U.S. Court of Appeals for the Federal Circuit
717 Madison Place, N.W.
Washington, DC 20439

**RE: Solos Technology Ltd. v. Meta Platforms, Inc., et al., No. 2026-1721
Movant-Appellant Daitona Carter's Notice of Supplemental Authority (FRAP 28(j))**

Dear Mr. Perlow:

Pursuant to Federal Rule of Appellate Procedure 28(j), Movant-Appellant Daitona Carter respectfully directs the Court's attention to this Court's precedential decision in *Versata Software, LLC v. Ford Motor Company*, No. 2024-1140 (Fed. Cir. May 22, 2026, reissued Sept. 10, 2026).

*Versata* is directly pertinent because it re-affirmed that a district court commits an error of law when it prematurely forecloses or restricts a plaintiff's statutory right to pursue a full unjust enrichment and global gains damages model under the Defend Trade Secrets Act (DTSA). This Court held that a reasonable royalty is a

fallback measure rather than an artificial ceiling on recovery, and that courts cannot summarily limit a victim's property valuation prior to discovery.

This authority directly supports Section II.H of Appellant's Reply Brief (p. 21). It reinforces that the District Court erred by transforming a gateway right-of-entry motion into a premature, pre-discovery summary judgment ruling that precluded property and accounting interests based on pre-discovery assertions. As preserved in the record (D. Mass. Doc. 58, p. 3; Reply Brief, p. 17), *Versata* confirms Appellant's entitlement to pursue a complete accounting framework encompassing the integrated enterprise's gains.

Respectfully submitted,

/s/ Daitona Carter
DAITONA CARTER
Movant-Appellant, Pro Se
2 Massachusetts Ave NE
General Delivery, Main Post Office
Washington, DC 20002
legal@daitonacarter.com

## CERTIFICATE OF SERVICE

I hereby certify that on September 10, 2026, a true and correct copy of the foregoing Rule 28(j) Letter was filed via the Court's CM/ECF system, which will

send electronic notification of such filing and a copy of the document to all registered counsel of record, and that a copy was also transmitted via electronic mail to the respective email addresses on record.

/s/ Daitona Carter
DAITONA CARTER
Movant-Appellant, Pro Se
2 Massachusetts Ave NE
General Delivery, Main Post Office
Washington, DC 20002
legal@daitonacarter.com