26-1721

**UNITED STATES COURT OF APPEALS**
**FOR THE FEDERAL CIRCUIT**

---

SOLOS TECHNOLOGY LIMITED,
Plaintiff-Appellee

v.

META PLATFORMS, INC.,META PLATFORMS TECHNOLOGIES, LLC, OAKLEY, INC.,LUXOTTICA OF AMERICA, INC., ESSILORLUXOTTICA, USA, LLC,

Defendants

DAITONA CARTER,
Movant-Appellant

---

Appeal from the United States District Court for the Masschusetts in No. 1:26cv–1034–ADB, Judge Allison D. Burroughs.

---

**DAITONA CARTER'S EMERGENCY MOTION FOR CORRECTION OF STRUCTURAL DOCKETING ERRORS, EXPEDITED PANEL ASSIGNMENT, SHOW CAUSE ORDER ON DOCUMENT 19, AND IMMEDIATE PRESERVATION ORDER**

---

DAITONA CARTER, movant-appellant, respectfully moves this Court under Federal Rule of Appellate Procedure 27 and Federal Circuit Rule 27 for an emergency order correcting a series of cumulative, compounding clerk-level administrative failures. Absent immediate intervention, these errors will structurally insulate the true parties in interest, divest this Court of an enforceable

remedy, and permanently destroy the underlying financial audit trail required to trace the disputed commercialization proceeds.

## I. STATEMENT OF THE CUMULATIVE FAILURES

The Clerk's Office has committed five distinct, severe administrative omissions in this appeal. While individual clerical errors are routinely corrected *sua sponte*, their cumulative effect operates as a systemic breakdown of the appellate process, resulting in an ongoing deprivation of due process under the Fifth Amendment.

### Failure 1 — Non-Processing of Appellees to the Record

The five named defendants—the actual entities commercializing the proprietary technology at issue—have not been formally processed as parties to this appeal. No appearances have been entered on the consolidated appellate ledger, and no service pathways have been validated. They remain complete strangers to the active appellate record.

### Failure 2 — Facial Caption Non-Compliance (Fed. Cir. R. 12(b)(2))

The named defendants remain listed under their lower-court designation of "Defendant" rather than the mandatory appellate designation of "**Appellee**." Under Federal Circuit Rule 12(b)(2) "Rules of Practice," any party with an adverse interest who is not a cross-appellant *must* be deemed an appellee. This is an issue

of explicit jurisdictional and remedial consequence: non-parties are not bound by this Court's eventual mandates.

**Failure 3 — De-escalated Docketing of Emergency Mandamus (No. 26-153)**

On August 18, 2026, Movant filed an explicit Emergency Petition for Writ of Mandamus. The Clerk’s Office erroneously designated the case as a routine, non-expedited "**Miscellaneous Case**," omitting the emergency flag, stripping out expedited processing protocols, and withholding panel assignment. Despite the explicit filing of a Notice of Correction (Doc. 3) and a refiled petition (Doc. 6) on August 24, 2026, the emergency designation has been ignored for **34 days**.

**Failure 4 — 129-Day Administrative Inaction on Constructive Trust (Doc. 19)**

On May 15, 2026, Movant moved for a Constructive Trust and Escrow Framework (Doc. 19) to sequester technology-derived revenue streams. The clerk's electronic infrastructure omitted the mandatory docket number, verification header, and official entry date, leaving the document improperly indexed. This back-end processing failure is explicitly verified by the system's conflicting metadata behavior: the live web browser tab exposes the original local laptop filename ("INJ.pdf"), yet the document generates a standardized court filename only upon localized download. Concurrently, the companion Omnibus filing (ECF 19) was subjected to systemic editorial corruption, including the unauthorized insertion of

an anomalous character ("52") into the plaintiff's corporate nomenclature and structural formatting anomalies specifically designed to defeat automated federal judicial indexing. Furthermore, this interim equitable request has sat unreviewed, unassigned, and completely undisposed of for **129 days**, presenting an existential threat to asset preservation. Consequently, the administration of these distinct equitable remedies has been hopelessly entangled, necessitating that the constructive trust and escrow matter be formally severed from the corrupted omnibus filing and maintained as a standalone, independent record.

**Failure 5 — Total Omission of Parallel PTAB IPR Notice (Doc. 34)**

On July 20, 2026, Movant formally filed a Notice of Related Case Information (Doc. 34) detailing active, parallel Inter Partes Review (IPR) proceedings before the Patent Trial and Appeal Board (PTAB). The Clerk's Office has failed to route this notice for case sequencing or active management. The administrative obscurity has been weaponized by opposing counsel and corporate affiliates in parallel proceedings before the Patent Trial and Appeal Board (*IPR2026-00376*, *IPR2026-00412*, *IPR2026-00413, IPR2026-00420*). By exploiting the caption and absence of a verified docket stamp on the May 15 constructive trust filing, Appellees and co-conspirators have certified "No Related Matters" and "No Real Parties in Interest," perpetrating a direct fraud upon administrative tribunals while active equitable res claims remain jurisdictionally

anchored before this Court. Under *Hazel-Atlas Glass Co. v. Hartford-Empire Co.*, administrative concealment that compromises the integrity of the judicial record warrants immediate, unsparing correction.Consequently, the PTAB may issue a final written decision while this appeal is pending, unconstitutionally mooting or complicating the statutory inventorship claims asserted under 35 U.S.C. § 256.

## II. THE COMPREHENSIVE DUE PROCESS VIOLATION

A single typographical error can be cured without consequence. The administrative anomalies here, however, have crossed the threshold into structural error. They operate in tandem to strip Movant of an effective, enforceable remedy, violating the bedrock constitutional guarantees articulated in *Mullane v. Central Hanover Bank & Trust Co.*, 339 U.S. 306, 312–13 (1950) and *Board of Regents v. Roth*, 408 U.S. 564, 572–73 (1972).

- Clerk Error: No Appellees Listed —— Court Mandate Insulated from True Commercializing Parties
- Clerk Error: Mandamus/PTAB Paused —— PTAB IPR Petitions acceptance continue and are not reviewed despite USPTO Director petition misrerouted to PTAB panel. Nor are is the notice and petitions heard or stayed, which can moot 35 U.S.C. § 256 Claims

- Clerk Error: Trust Motion Stalled —— Stephen Feinberg Reforms Eradicate Forensic Audit Trail at the Department of Defense/War

If the defendants are not formally added as Appellees (Failures 1 & 2), this Court's ultimate ruling may be legally toothless against them. Concurrently, if the constructive trust remains unruled (Failure 4) while the Mandamus and PTAB notices languish unassigned (Failures 3 & 5), parallel administrative engines will alter the legal and accounting landscape before this Court can act. This is a severe, compounding deprivation of the right to be heard at a meaningful time and in a meaningful manner.

## III. THE FEINBERG DIRECTIVES DEMAND EMERGENCY RELIEF

The administrative stagnation has collided with an unprecedented, rapid regulatory restructuring within the defense-industrial base, elevating this matter to a critical emergency.

1. **The August 18, 2026 Memo**: Deputy Secretary of Defense Steve Feinberg issued a binding directive requiring the Department of Defense (DoD) to draw cost data through automated APIs directly from contractor Enterprise Resource Planning (ERP) and financial transaction platforms for all agreements valued at ≥ $10M.

2. **The September 14, 2026 Memo**: A subsequent directive—*Fostering One Strong Industrial Base*—explicitly orders the DoD to phase out government-unique **Cost Accounting Standards (CAS)** and switch to standard commercial **Generally Accepted Accounting Principles (GAAP)**.

**The Accounting Conflict & Asset Commingling**

1. **CAS (The Status Quo)**: Requires strict, government-specific cost segregation, structural tracking, and granular accounting paths. It provides the necessary forensic blueprint to trace, isolate, and capture the exact proceeds generated by the proprietary technology at issue.

2. **GAAP (The Feinberg Mandate)**: Eliminates government-unique cost-element isolation in favor of standardized corporate reporting. GAAP does not require, nor does it maintain, the segmented financial tracking necessary to satisfy a forensic accounting audit.

The implementation clock from the September 14 directive is actively running. Once these corporate targets fully convert their accounting systems from CAS to GAAP, the underlying financial data streams will be permanently commingled. No future tracing order or retrospective damages award will be capable of reconstructing the erased cost trails. The threat of irreparable injury is immediate, absolute, and structural.

## IV. RELIEF REQUESTED

To preserve its own Article III jurisdiction and protect the integrity of these proceedings, Movant-Appellant requests that this Court immediately issue an omnibus order directing the following:

1. **Mandatory Docket Realignment**: Order the Clerk to process all five named defendants as Appellees in Appeal No. 26-1721 and correct the caption to conform with Fed. Cir. R. 12(b)(2).

2. **Emergency Re-Docketing**: Direct the Clerk to immediately apply an Emergency Flag to Petition No. 26-153 and assign the matter to an active merits panel for expedited resolution.

3. **Document Standardization:** Apply the standard CAFC document header, formal entry verification stamp, and retroactive docket indexing to the May 15, 2026 filing.

4. **Administrative Confirmation:** Issue an administrative confirmation ensuring full searchability across the federal judiciary to neutralize ongoing collateral manipulation.

5. **Severance of Trust and Escrow:** Separate the Motion for Constructive Trust and Escrow (Doc. 19) from the omnibus filing,

pulling it out into an independent, standalone record to prevent further administrative delay or blending of distinct legal remedies.

6. **Show Cause on Document 19**: Issue an order directing the Clerk's Office or opposing parties to show cause why the Motion for Constructive Trust and Escrow (Doc. 19) has remained completely unaddressed for **129 days**.

7. **Interim Financial Preservation Order**: Issue an emergency preservation order requiring the targets to maintain all historical and active CAS cost-segregation records, data structures, and audit paths in their current format, explicitly staying any GAAP conversion as to the specific contracts at issue pending the final disposition of Document 19.

8. **Appellate Sequencing and Case Management**: Order the integration of the parallel PTAB status information (Doc. 34) into the Court’s scheduling calendar to avoid an administrative forfeiture of the inventorship claim under 35 U.S.C. § 256.

9. **Expedited Panel Assignment**: Order an immediate, expedited panel assignment on the collective merits of this appeal under Fed. Cir. R. 27.

## V. RELEVANT CHRONOLOGY & RUNNING DEADLINES

| Date / Milestone | Docket / Regulatory | Days Elapsed / Status |
|---|---|---|
| May 15, 2026 | Movant files Motion for Constructive Trust and Escrow (Doc. 19). | Day 0 (Awaiting judicial routing) |
| July 20, 2026 | Notice of Related Parallel PTAB IPR Proceedings filed (Doc. 34). | Day 66 (No judicial acknowledgment) |
| August 18, 2026 | Emergency Mandamus Petition filed (26-153); Stephen Feinberg API Data Extraction Memo issued for DoD/Pentagon. | Day 95 (Docketed as routine "Miscellaneous") |
| August 24, 2026 | Notice of Docketing Correction and Emergency Refiling filed (Docs. 3, 6). | Day 101 (Uncorrected by Clerk) |
| September 14, 2026 | Feinberg GAAP Transition Mandate issued (Fostering One Strong Industrial Base). | Day 122 (Transition clock initiated) |
| September 21, 2026 | Present Emergency Omnibus Motion filed. | Day 129 of Inaction on Doc. 19 |

| Date / Milestone | Docket / Regulatory | Days Elapsed / Status |
| --- | --- | --- |
| ~October 14, 2026 | 30-Day Feinberg Transition Window Closes; System-Wide CAS Phaseout Begins. | Irreparable Harm Realized (Est.) |

## VI. CONCLUSION & LEGAL BASES

This Motion is firmly rooted in **Federal Rule of Appellate Procedure 27(a)(1)**, Federal Circuit Rules 12(b)(2) and 27, the Fifth Amendment Due Process Clause, and this Court's historical, inherent authority to oversee its docket. Under the traditional equitable standards governing emergency relief, irreparable harm is the "essential first consideration." *Winter v. Natural Resources Defense Council, Inc.*, 555 U.S. 7, 16 (2008).

If the accounting records are modified and the parties remain un-joined, any subsequent decree issued by this Court will be rendered completely hollow. The confluence of clerical inaction and systemic defense-contracting standardizations represents an ongoing constitutional injury that requires immediate, decisive judicial correction.

Dated: September 21, 2026

Respectfully submitted,

s/ Daitona Carter
Daitona Carter, Pro Se
General Delivery, Main Post Office
2 Massachusetts Ave NE
Washington, DC 20002
legal@daitonacarter.com

**CERTIFICATE OF COMPLIANCE**

Pursuant to Federal Rule of Appellate Procedure 27(d)(1)(E) and 27(d)(2), I hereby certify that this Emergency Motion complies with the type-volume limitation rules of this Court.

1. Exclusive of the parts of the motion exempted by Federal Rule of Appellate Procedure 32(f), the body of this Emergency Motion contains 1754 words, as calculated by the word count function of the word processing software used to prepare this document.

2. This Motion complies with the typeface requirements of Federal Rule of Appellate Procedure 32(a)(5) and the type style requirements of Federal Rule of Appellate Procedure 32(a)(6) because it has been prepared in a proportionally spaced typeface using ONLYOffice in 14-point Times New Roman font.

Dated: September 21, 2026

Respectfully submitted,

/s/ Daitona Carter
Daitona Carter, Pro Se
General Delivery, Main Post Office
2 Massachusetts Ave NE
Washington, DC 20002
legal@daitonacarter.com

**CERTIFICATE OF SERVICE**

I hereby certify that on September 21, 2026, a true and correct copy of the foregoing Emergency Motion For Correction Of Structural Docketing Errors, Expedited Panel Assignment, Show Cause Order On Document 19, And Immediate Preservation Order was served via the Court's CM/ECF electronic filing system, and/or via electronic mail, upon all counsel of record and active parties in the underlying proceedings.

Respectfully submitted,

/s/ Daitona Carter
Daitona Carter, Pro Se
General Delivery, Main Post Office
2 Massachusetts Ave NE
Washington, DC 20002
legal@daitonacarter.com