26-1721

**UNITED STATES COURT OF APPEALS**
**FOR THE FEDERAL CIRCUIT**

---

SOLOS TECHNOLOGY LIMITED,

Plaintiff-Appellee

v.

META PLATFORMS, INC.,META PLATFORMS TECHNOLOGIES, LLC, OAKLEY, INC.,LUXOTTICA OF AMERICA, INC., ESSILORLUXOTTICA, USA, LLC,

Defendants

DAITONA CARTER,

Movant-Appellant

---

Appeal from the United States District Court for the Massachusetts in No. 1:26-cv–1034–ADB, Judge Allison D. Burroughs.

---

**EMERGENCY NOTICE AND MOTION**
**FOR EXPEDITED RULING ON DOC. 47, ITEM 7**

---

Movant-Appellant Daitona Carter respectfully notifies this Court and moves for an expedited ruling on Doc. 47, Item 7 (interim financial preservation order) on the following grounds:

***1. The conversion deadline is today.***

The Department of Defense CAS-to-GAAP conversion mandated by the September 14, 2026 Feinberg memorandum expires today, October 14, 2026. Doc. 47, Item 7 requested an interim financial preservation order directing the parties to this appeal to maintain CAS cost-segregation records for the Covered Contracts. Doc. 47 was filed September 21, 2026, and has been pending for 23 days. The deadline it was designed to prevent is today.

***2. Preservation is necessary to protect the financial paper trail and evidence documented in Doc. 41.***

As detailed in Movant's pending motion (Doc. 41), the underlying dispute involves a documented financial paper trail connecting the corporate parties, related entities, and executive branch channels through Department of Defense contracts—establishing an integrated framework of commercialization, federal procurement, and institutional inter-dependencies. The technology at issue is dual-use, with applications in both commercial and defense/intelligence programs. The CAS cost-segregation records are the only accounting mechanism capable of separating the commercial proceeds from the defense and intelligence-community proceeds within the Covered Contracts. The CAS cost-segregation records for the Covered Contracts are the foundational accounting mechanism that tracks this exact financial lineage. If this data is converted to GAAP today, the precise cost-

segregation footprint tracking these funds and technology integrations will be erased, directly destroying the evidence of the financial flows detailed in Doc. 41. Preservation of these records by the parties to this appeal is essential to protect the integrity of the record currently before the merits panel. The conversion is not limited to future reporting. It restructures the historical cost-pool architecture underlying the Covered Contracts, rendering previously generated CAS cost-segregation data inaccessible in its original form. Preservation must extend to all CAS records in the parties' possession, whether generated before or after the October 14, 2026 deadline.

***3. Complementary proceedings in the D.C. District.***

On October 13, 2026, Plaintiff filed an Emergency Renewed Motion for TRO in *Carter v. Feinberg et al.*, No. 1:26-cv-03318 (D.D.C.), seeking relief directed at the federal officials who issued the Feinberg memorandum. While that action addresses executive policy, this motion is directed exclusively at the private contracting parties before this Court in Case No. 26-1721 to preserve existing evidence in their possession.

***4. Doc. 19 remains undisposed.***

Doc. 19 (omnibus notification intake, filed May 15, 2026) has been pending for 152 days. Doc. 47, Item (a) requested its severance into a standalone record,

and Item (c) requested a show-cause order regarding the inaction. Neither has been addressed.

## RELIEF REQUESTED

**WHEREFORE**, Movant-Appellant respectfully requests that this Court:

1. Rule on Doc. 47, Item 7 (interim financial preservation order directed at the parties to this appeal) before the expiration of the October 14, 2026 conversion deadline;

2. In the alternative, enter a short-order stay of the CAS-to-GAAP conversion data-destruction protocols as to the Covered Contracts held by the parties to this appeal, pending resolution of Doc. 47;

3. Set an expedited briefing schedule on Doc. 47 in its entirety; and

4. Grant such other relief as the Court deems just.

October 14, 2026

Respectfully submitted,

/s/Daitona Carter
Daitona Carter, Movant-Appellant
General Delivery, Main Post Office
2 Massachusetts Ave NE
Washington, DC 20002

## CERTIFICATE OF SERVICE

I hereby certify that on October 14, 2026, a true and correct copy of the foregoing Emergency Notice And Motion For Expedited Ruling On Doc. 47, Item 7 was filed via the Court's CM/ECF system, which will send electronic notification to all registered counsel of record. I further certify that any unregistered or default parties were served via electronic mail.

Dated: October 14, 2026

Respectfully submitted,

/s/Daitona Carter

Daitona Carter, Movant-Appellant
General Delivery, Main Post Office
2 Massachusetts Ave NE
Washington, DC 20002
legal@daitonacarter.com