26-1721

**UNITED STATES COURT OF APPEALS FOR THE FEDERAL CIRCUIT**

---

SOLOS TECHNOLOGY LIMITED,

Plaintiff-Appellee

v.

META PLATFORMS, INC.,META PLATFORMS TECHNOLOGIES, LLC, OAKLEY, INC.,LUXOTTICA OF AMERICA, INC., ESSILORLUXOTTICA, USA, LLC,

Defendants

DAITONA CARTER,

Movant-Appellant

---

Appeal from the United States District Court for the Massachusetts in

No. 1:26-cv–10304–ADB, Judge Allison D. Burroughs

Merits Panel Submission Date: December 8, 2026

---

# MOVANT-APPELLANT'S EMERGENCY NOTICE TO THE MERITS PANEL DOCUMENTING RECENT RECORD FALSIFICATION IN ANCILLARY TRACK 26-153 GENERATED IMMEDIATELY UPON THE ISSUANCE OF THE MERITS HEARING SCHEDULE

---

Pursuant to this Court's inherent supervisory authority over the absolute integrity of its active proceedings, Movant-Appellant Daitona Carter (*Pro Se*) hereby registers this urgent, mandatory notification directly to the Merits Panel assigned to adjudicate the merits panel review in master Appeal No. 26-1721, scheduled for submission on December 8, 2026.

This emergency notice is required to alert the merits panel that on **October 23, 2026, at 10:15:13 AM EDT**, immediately following this Court's issuance of the formal merits hearing calendar, a motions panel operating in the ancillary miscellaneous track (**Case No. 26-153**) entered a per curiam order designed to distort the master record before this panel can review the briefs.

The motions panel's order explicitly alters, deletes, and replaces the true text of Appellant's recorded pleadings to fabricate a false narrative. While Appellant's open papers exclusively demanded a non-discretionary clerical correction under **FRAP 3 and 12** to compel the clerk to reinstate the omitted corporate co-defendants (**Meta Platforms, Inc., et al.**) as mandatory Appellees on the 26-1721 caption, the motions panel's order tells this Court that Appellant was merely seeking an unconvincing plea for generic stay parameters regarding the PTAB.

Appellant submits this notice directly into the master case file to ensure the merits panel is confronted with the literal text of the original pleadings and does not inadvertently quote, echo, or adopt a manufactured administrative script designed to insulate corporate adversaries from Article III visibility.

## Memorandum of Fact and Structural Distortions

### I. The Chronological Trigger: The Motions Panel Reacted Only After the 2026-1721 Merits Date Issued

The timing of the per curiam order in Case No. 26-153 reveals its precise, defensive function. Appellant's Corrected Emergency Petition for a Writ of Mandamus had been left entirely frozen on the miscellaneous docket since August 2026.

The motions panel took absolutely no action until the formal **December 8, 2026 merits hearing schedule for Case No. 2026-1721** was locked into the calendar. The moment the merits tribunal took control of the active appeal track, the motions panel immediately entered its summary denial to clear its docket, operating in extreme haste to ensure that their version of the narrative was locked into the public file before the merits panel received the physical case blocks.

## II. The Forensic Textual Lie: The Elimination of the Caption Correction Remedy

The text of the October 23 per curiam order is a demonstrable fabrication that is completely exposed by a head-to-head comparison with the electronic docket files of this Court:

- **Petitioner's True Demand (Doc. No. 6, Page 2, Sec. I in Case No. 26-153):**

  *"Petitioner respectfully requests an order: 1. Compelling the Clerk of Court to immediately correct the official docket and case caption of Case No. 26-1721 to accurately reflect all mandatory carry-over parties... specifically designating Meta Platforms, Inc., Meta Platforms Technologies, LLC, Solos Technology Limited, Luxottica of America, Inc., and EssilorLuxottica USA, LLC as Appellees..."*

- **The Motions Panel's False Statement (Doc. No. 8, Page 1 in Case No. 26-153):**

  *"She now petitions this court for a writ of mandamus seeking various relief, including a stay of the PTAB proceedings... Ms. Carter has not shown entitlement to relief. She may raise her arguments and requests for relief related to the district court action in Appeal No. 26-1721."*

The motions panel completely deleted the mandatory, non-discretionary clerical provisions of **FRAP 3 and 12** from their written opinion. They entirely removed the fact that the Clerk of Court has maintained a defective appellate caption in this master file **No. 26-1721** by stripping the lower-court defendants of their "Appellee" titles. By rewriting Appellant's text to state that the petition was merely an unconvincing plea for an administrative stay, the motions panel manufactured an artificial strawman to justify a per curiam denial.

## III. The Quote Trap: The Attempt to Bind the December Merits Panel to an Engineered Script

The danger to this proceeding is immediate and structural. The motions panel did not issue this text as a harmless error; it was engineered to act as an automated script for the corporate defense blocks (Paul Hastings LLP and Morgan Lewis & Bockius LLP) to quote in their upcoming merits summaries.

The corporate litigants are actively using these procedural distortions to trick the merits panel into copying the phrase *"unprotectable generalized concept"* into the final December judgment. This is an administrative fiction designed to bypass the technical reality preserved on this record: Appellant independently engineered and published her **hardware-enclaved sensor gating privacy architecture on June 25, 2026 (TD Commons Article No. 11890)**, and Meta Platforms

Technologies, LLC symmetrically cloned that exact chip-level technical domain in an unsealed utility application on **August 20, 2026 (US 2026/0244794 A1, Doc. No. 7)**.

The judiciary possesses no legal authority to alter, recharacterize, or falsify a litigant's pleadings to insulate corporate parties from substantive liability or facilitate the appropriation of proprietary technology. Under the Thirteenth Amendment and the Trafficking Victims Protection Reauthorization Act (TVPRA), 18 U.S.C. § 1595, Congress established an absolute civil right to property recovery, explicitly stripping sovereign, qualified, and judicial immunity defenses when actors engage in ultra vires ventures founded upon forced economic extraction and systemic sabotage.

This unlawful framework is further manifested in the coordinated targeting and abuse of Movant-Appellant's child—which originated when the individual was a minor and escalated into severe academic disruption, trafficking-related coercion, and manufactured fraudulent activities against the child and family members by these actors. The resulting destruction of family support and economic stability was formally documented under oath in Movant-Appellant's In Forma Pauperis financial disclosures in D.C. Circuit Appeal No. 26-5358.

Although a subsequent pretextual reinstatement was executed at Verra Mobility in an attempt to sanitize the evidentiary record and evade statutory accountability, these tactics directly parallel the administrative spoliation challenges currently active before Judge Amit P. Mehta in the U.S. District Court for the District of Columbia (*Carter v. Feinberg, Case No. 1:26-cv-03318*; $405 filing fee processed Oct. 6, 2026). In that proceeding, agency directives under the Feinberg Memo similarly attempt to shield document destruction and evidence suppression under the Administrative Procedure Act (APA), 5 U.S.C. § 702.

Because federal pleadings must be evaluated based on their literal text, and because pro se filings command liberal construction under established jurisprudence, this merits panel is legally prohibited from adopting the motions panel's fabricated narrative and must conduct an independent review of the original, unedited record.

**CONCLUDING RELIEF REQUEST**

Movant-Appellant respectfully requests that the Merits Panel assigned to the December 8, 2026 submission track:

- **Formally Reject** any attempt by the Appellees to quote, cite, or rely upon the October 23 per curiam order in Case No. 26-153, as that order constitutes

a procedural evasion and a manufactured distortion of the record designed to insulate ongoing theft.

- **Compel the Clerk of Court** to correct the caption of this master file (No. 2026-1721) immediately to accurately designate Meta Platforms, Inc., et al., as active Appellees, enforcing the mandatory, non-discretionary duties prescribed by FRAP 3 and 12.
- **Order an Independent Technical Review** of the side-by-side technical specificity charts—comparing Appellant's June 25, 2026 TD Commons publication with Meta's subsequent August 20, 2026 utility applications (US 2026/0244794 A1)—to resolve original inventorship title and expose the bad-faith timing of corporate provisional filings.
- **Recognize and Protect** Movant-Appellant's un-deletable digital and physical evidentiary notes, which establish that Appellees and their corporate partners continue to commercially extract, gate, and push stolen hardware-enclaved architectures into defense pipelines while blocking access to the underlying data.

October 23, 2026

Respectfully submitted,

/s/Daitona Carter

Daitona Carter, Plaintiff, Pro Se
General Delivery, Main Post Office
2 Massachusetts Ave NE
Washington, DC 20002.

legal@daitonacarter.com

# INDEX OF ATTACHMENTS TO EMERGENCY INVENTORSHIP PRESERVATION NOTICE

**ATTACHMENT 1**:

Formal Letter / Motion to the United States Court of Appeals for the Federal Circuit in Docket Misc. No. 26-153 Demanding to Strike Distorted Per Curiam Order and Preserve Unedited Record.

**ATTACHMENT 2:**

En Banc Petition / Submission Document Filed in Connection with Appeal No. 26-1721 and Misc. No. 26-153 Highlighting Systemic Judicial Manipulation and Compelling Merit Review.

# ATTACHMENT 1

**IN THE UNITED STATES COURT OF APPEALS**
**FOR THE FEDERAL CIRCUIT**

In re: DAITONA CARTER,

Petitioner.

Misc. Docket No. 26-153
Underlying Appellate Case:
CAFC Appeal No. 26-1721

# PETITIONER'S EMERGENCY MOTION TO STRIKE THE PER CURIAM ORDER DATED OCTOBER 23, 2026, FOR MATERIAL FALSIFICATION OF THE PLEADINGS AND FRAUD ON THE COURT, AND REQUEST TO RECUSE THE MOTIONS PANEL

Pursuant to this Court's inherent supervisory authority to protect the absolute integrity of its public dockets and prevent a fraud on the court, Petitioner Daitona Carter (Pro Se) hereby moves to STRIKE the Per Curiam Order entered on the record on October 23, 2026 (Doc. No. 8).

This emergency motion is initiated because the Motions Panel—consisting of Circuit Judges Chen, Linn, and Cunningham—has entered an order containing a manufactured factual narrative that stands in direct, verifiable contradiction to the electronic record of this case. The Panel's order asserts that Petitioner's mandamus petition sought "various relief, including a stay of the PTAB proceedings" and re-litigation of a district court intervention denial. This is a material, structural falsification of the record.

As demonstrated by the explicit text of Petitioner's August 24, 2026 Corrected Emergency Petition (Doc. No. 6) and the intervening technical disclosures of record (Doc. No. 7), the primary, non-discretionary remedy sought was localized entirely inside this Court's own active appellate record—specifically, an order compelling the Clerk of Court to perform his ministerial duty under FRAP 3 and 12 to correct the facially defective case caption in *CAFC Appeal No. 26-1721*, which had been manipulated to strip the principal corporate adversaries—Meta Platforms, Inc., et al.—from the formal appellate docket headers.

By rewriting Petitioner’s moving papers to fabricate a generic strawman challenge, the Panel has generated a legally void document designed to act as an unconstitutional narrative shield. Petitioner moves to strike this order immediately to prevent it from being used as fraudulent "judicial currency" across parallel federal forums.

## MEMORANDUM OF POINTS AND AUTHORITIES

### I. The Side-by-Side Forensic Contradiction Establishes an Active Clerical Alteration of the Pleadings in CAFC Appeal No. 26-1721

A federal court acts outside its constitutional authority when it invents a separate case to justify a summary disposition. A direct comparison of the actual pleading versus the Panel's October 23 text exposes a deliberate distortion:

- **The Actual Pleading (Doc. No. 6, Page 2, Section I)**: Demanded an order compelling the Clerk of Court to immediately correct the official docket and case caption of Case No. 26-1721 to accurately reflect all mandatory carry-over parties, specifically designating Meta Platforms, Inc., Meta Platforms Technologies, LLC, et al., as Appellees under FRAP 3 and 12, alongside structured administrative protections supported by subsequent notices of record (Doc. No. 7).
- **The Panel's Manufactured Text (Doc. No. 8, Page 1):** Recharacterized the action as a general petition for a writ of mandamus seeking a stay of PTAB proceedings, advising Petitioner to raise district court arguments in the main appeal.

The Panel affirmatively deleted the core subject matter of the petition. The explicit demand to correct an unlawful appellate caption alteration under FRAP 3, 12, and 21 within CAFC Appeal No. 26-1721 was entirely erased, allowing the court to bypass pro se work product through administrative fiction. Furthermore, the Panel's order completely ignored the judicial estoppel and hardware-enclaved patent publication facts entered into the record on August 26, 2026 (Doc. No. 7).

## II. The Structural Design of the Script: Manufacturing a Circular Quote Trap to Enforce Trafficking

The creation of this falsified order serves a non-judicial function: it creates a safe script on the public record for the upcoming December 8 merits panel in Case No. 26-1721 to adopt without reviewing underlying files.

1. The Core Strategy: By embedding a sanitized, generic description into a formal per curiam order, the Motions Panel attempts to insulate the court from addressing Petitioner's June 25 hardware-enclaved privacy architecture (Article No. 10575) and Meta's August 2026 utility cloning (US 2026/0244794 A1, Doc. No. 7).

2. Multi-Forum Coordination: This mechanism provides duplicate "judicial currency" for Judge Mehta in the D.C. District Court (1:26-cv-03318) and the D.C. Circuit, allowing corporate-defense teams to cite the order as a blanket dismissal of substantive claims.

3. Fraud on the Court: Under established federal precedent, a fraud on the court occurs where the mechanisms of justice are corrupted to prevent impartial evaluation of an unrepresented citizen's claims (*Fontanillas-Lopez v. Morell Bauza*). Editing a petitioner's explicit text to manufacture an automated dismissal script—while assets are

frozen and family networks face retaliatory economic sabotage at Verra Mobility—corrupts the judicial process itself. The October 23 order is legally dead and must be struck.

## III. The Panel's Fabrication Operates to Enforce a Direct Violation of the Thirteenth Amendment and the TVPRA Under 18 U.S.C. § 1595

The Motions Panel's intentional alteration of pleadings functions as an active enforcement mechanism for ongoing human trafficking and involuntary servitude under the Trafficking Victims Protection Reauthorization Act (TVPRA), 18 U.S.C. § 1595.

The technology at issue—Petitioner's solo 2009–2026 smart glasses and DSP architectures—represents the direct fruits of an independent creator subjected to physical isolation, financial starvation, and targeted economic sabotage, including the retaliatory firing of a family member at Verra Mobility followed by a bad-faith pretextual reinstatement designed solely to sanitize the evidentiary record and evade statutory liability. Under § 1595, anyone who knowingly benefits or facilitates a venture built on forced extraction is legally liable. When a federal judicial panel edits moving papers to engineer an automated dismissal script for corporate extractors, the court steps out of its Article III boundaries. Because the Thirteenth Amendment's prohibition against involuntary servitude is absolute and

permits no sovereign immunity exceptions for government or judicial actors executing an illegal extraction venture, the October 23 order is structurally void.

**RELIEF REQUESTED**

Petitioner respectfully requests that this Court:

1. Enter an **ORDER** STRIKING the October 23, 2026 Per Curiam Order (Doc. No. 8) in its entirety as a fraudulent document that materially misstates the record of CAFC Misc. Docket No. 26-153 and Appeal No. 26-1721.
2. **ORDER** the Immediate Recusal of Circuit Judges Chen, Linn, and Cunningham from any subsequent actions on this or the related December 8 merits track in Case No. 26-1721 based on documented extrajudicial bias and material alteration of moving papers.
3. **COMPEL** the Clerk of Court to immediately process the non-discretionary caption corrections demanded under FRAP 3 and 12 to restore Meta Platforms, Inc., et al., as mandatory Appellees on the docket title of CAFC Appeal No. 26-1721 before a single additional entry is recorded.

Dated: October 23, 2026

Respectfully submitted,

/s/ Daitona Carter

Daitona Carter, Petitioner Pro Se
General Delivery, Main Post Office
2 Massachusetts Ave NE
Washington, DC 20002
Email: legal@daitonacarter.com

## CERTIFICATE OF COMPLIANCE

Pursuant to Federal Rule of Appellate Procedure 27(d)(2), I certify that this motion complies with the type-volume limitation.

1. Exclusive of the exempted portions of the motion, as provided in FRAP 32(f), the body of this motion contains 1006 words.
2. This motion has been prepared in a proportionally spaced typeface using Times New Roman in 14-point font.

Dated: October 23, 2026

Respectfully submitted,

/s/ Daitona Carter
Daitona Carter, Pro Se

## CERTIFICATE OF SERVICE

I hereby certify that on October 23, 2026, I electronically filed the foregoing **PETITIONER'S EMERGENCY MOTION TO STRIKE** using the U.S. Court of Appeals for the Federal Circuit's NextGen CM/ECF system.

I certify that all participants in this case are registered CM/ECF users and that service will be accomplished by the appellate CM/ECF system on all counsel of record.

Dated: October 23, 2026

Respectfully submitted,

/s/ Daitona Carter
Daitona Carter, Pro Se

# ATTACHMENT 2

**IN THE UNITED STATES COURT OF APPEALS**
**FOR THE FEDERAL CIRCUIT**

In re: DAITONA CARTER,

Petitioner.

Misc. Docket No. 26-153
Underlying Appellate Case:
CAFC Appeal No. 26-1721

**PETITIONER'S EMERGENCY PETITION FOR PANEL REHEARING AND REHEARING EN BANC TO CORRECT THE MATERIAL MISCHARACTERIZATION OF THE MANDAMUS RECORD AND THE SYSTEMIC EXCLUSION OF MANDATORY CARRY-OVER PARTIES UNDER FRAP 3 AND 12 IN CAFC APPEAL NO. 26-1721**

Pursuant to Federal Rules of Appellate Procedure 35 and 40, Petitioner Daitona Carter (Pro Se) respectfully petitions for panel rehearing and rehearing en banc of this Court's Per Curiam Order dated October 23, 2026.

Rehearing is required because the Motions Panel has issued an order based on a completely fabricated factual premise that directly contradicts the unalterable electronic text of the underlying record. The Panel's order states that Petitioner sought "various relief, including a stay of the PTAB proceedings" related to a district court action. This is a material misstatement of the record.

The narrow, non-discretionary structural remedy sought in Petitioner's August 24, 2026, Corrected Emergency Petition (Doc. No. 6) was an order **compelling the Clerk of Court to perform his mandatory duty under FRAP 3**

**and 12 to correct the defective appellate caption in CAFC Appeal No. 26-1721, which had been manipulated to strip the principal corporate adversaries—Meta Platforms, Inc., et al.—from the formal docket headers.**

By altering the plain text of the relief sought, the Panel has permitted a structural error to persist on the public record of Case No. 26-1721, allowing integrated corporate litigants to evade transparency while executing parallel administrative asset-washing campaigns at the PTAB.

## MEMORANDUM OF POINTS AND AUTHORITIES

### I. The Panel's October 23 Order Commands Rehearing Because It Rests On a Demonstrably Falsified View of the Pleadings in Case No. 26-1721

A court cannot evaluate due process by inventing a narrative that does not exist in the moving papers. The Per Curiam Order of October 23 completely ignores the explicit "Section I. RELIEF SOUGHT" detailed on page 2 of Petitioner's Corrected Mandamus Petition (Doc. No. 6). Petitioner did not ask this Court for generic reassessments of district court intervention parameters; Petitioner explicitly demanded that the Clerk of Court be compelled to correct the appellate docket sheet of CAFC Appeal No. 26-1721 to mirror the originating trial docket baseline establishing Meta Platforms, Inc., Meta Platforms Technologies, LLC,

Oakley, Inc., Luxottica of America, Inc., and EssilorLuxottica USA, LLC as mandatory, carry-over Appellees.

By mischaracterizing the petition as a generic collateral challenge to a closed lower court file, the Panel built an artificial legal framework to justify an automated summary denial under *Cheney v. U.S. Dist. Ct.*. This is an administrative deception. The enforcement of caption conformity under FRAP 3(c)(1)(A) and FRAP 12(a) on the master appellate index of Case No. 26-1721 is ministerial and mandatory, not discretionary. Rehearing is required to compel the court to rule on the actual issues presented rather than an engineered strawman.

## II. Permitting the Alteration of Appellate Captions in Case No. 26-1721 Violates FRAP 3 and 12 and Unlawfully Insulates Corporate Litigants

Under FRAP 12(a), because Meta Platforms, Inc. and the affiliated consumer hardware blocks were designated defendants in the originating district court action (1:26-cv-10304-ADB), they automatically carry over as mandatory Appellees in the appellate record of CAFC Appeal No. 26-1721. They cannot be un-designated or deleted by clerical omission on the appellate index.

Leaving Meta Platforms, Inc. off the formal title of the case heading heading into the December merits timeline creates an unconstitutional procedural shield. It allows these entities to avoid filing mandatory Entries of Appearance under Local

Circuit Rule 47.3(b)(1) while concurrently prosecuting an aggressive, parallel invalidation campaign across consolidated PTAB dockets (Case Nos. IPR2026-00376, IPR2026-00412, and IPR2026-00420) to extinguish the underlying property res.

This Court cannot hold a valid merits hearing on a sanitized record in Case No. 26-1721 where the primary corporate extractors have been completely vanished from the case caption by administrative decree.

## RELIEF REQUESTED

Petitioner respectfully requests that the full Court vacate the Per Curiam Order of October 23, 2026, grant this petition for rehearing, and enter an order:

1. **Compelling** the Clerk of Court to immediately reinstate Meta Platforms, Inc., et al., as mandatory Appellees on the official caption of CAFC Appeal No. 26-1721 pursuant to FRAP 3 and 12.
2. **Correcting** the Factual Record to reflect that Petitioner's mandamus petition was an explicit challenge to structural clerical alterations and non-disclosure within Case No. 26-1721, not an unconvincing plea for generic stay parameters.

Dated: October 23, 2026

Respectfully submitted,

/s/ Daitona Carter
Daitona Carter, Petitioner Pro Se
General Delivery, Main Post Office
2 Massachusetts Ave NE
Washington, DC 20002
Email: legal@daitonacarter.com

## CERTIFICATE OF COMPLIANCE

Pursuant to Federal Rule of Appellate Procedure 27(d)(2), I certify that this motion complies with the type-volume limitation.

1. Exclusive of the exempted portions of the motion, as provided in FRAP 32(f), the body of this motion contains 1006 words.
2. This motion has been prepared in a proportionally spaced typeface using Times New Roman in 14-point font.

Dated: October 23, 2026

Respectfully submitted,

/s/ Daitona Carter
Daitona Carter, Pro Se

## CERTIFICATE OF SERVICE

I hereby certify that on October 23, 2026, I electronically filed the foregoing **PETITIONER'S EMERGENCY PETITION FOR PANEL REHEARING AND REHEARING EN BANC TO CORRECT THE MATERIAL**

**MISCHARACTERIZATION** using the U.S. Court of Appeals for the Federal Circuit's NextGen CM/ECF system.

I certify that all participants in this case are registered CM/ECF users and that service will be accomplished by the appellate CM/ECF system on all counsel of record.

Dated: October 23, 2026

Respectfully submitted,

/s/ Daitona Carter
Daitona Carter, Pro Se

**CERTIFICATE OF SERVICE**

I hereby certify under penalty of perjury that on October 23, 2026, a true and correct copy of the foregoing **Emergency Inventorship Preservation Notice to the Merits Panel** was served upon the following participants through the Court's electronic NextGen CM/ECF system and/or via direct electronic transmission to their designated legal counsel emails:

October 23, 2026

Respectfully submitted,

/s/Daitona Carter
Daitona Carter, Plaintiff, Pro Se
General Delivery, Main Post Office
2 Massachusetts Ave NE
Washington, DC 20002.
legal@daitonacarter.com