**No. 26-1721**

**UNITED STATES COURT OF APPEALS**
**FOR THE FEDERAL CIRCUIT**

---

SOLOS TECHNOLOGY LIMITED,
Plaintiff-Solos

v.

META PLATFORMS, INC., META PLATFORMS TECHNOLOGIES, LLC,
OAKLEY, INC., LUXOTTICA OF AMERICA, INC.,
ESSILORLUXOTTICA, USA, LLC
Defendants,

DAITONA CARTER,
Movant-Appellant.

---

Appeal from the United States District Court for the Massachusetts in
No. 1:26-cv–10304–ADB, Judge Allison D. Burroughs
Merits Panel Submission Date: December 8, 2026

---

# MOVANT-APPELLANT'S OPPOSITION TO SOLOS' MOTION FOR PRE- FILING RESTRICTIONS (ECF NO. 70)

---

Movant-Appellant Daitona Carter files this opposition to Solos' Motion for Pre-Filing Restrictions (ECF No. 70, filed November 12, 2026), pursuant to Fed. R. App. P. 27 and Fed. Cir. R. 27, and objects as follows:

## I. THE PANEL MUST RULE ON THE MERITS

Solos' motion asks this panel to decide the intervention and inventorship question by procedure — by conditioning the Movant-Appellant's ability to file — rather than by ruling on it. This Court is the merits court. Its function is to decide the inventorship question that no other court has decided. A pre-filing restriction is not a standalone question. It is a question about whether Carter can continue to be heard on the merits. Deciding it before the merits, and then affirming without a written opinion, is not the exercise of this Court's function. It is the avoidance of it. Granting this restriction without first ruling on the merits is itself a merits decision. The panel cannot use a procedural motion to resolve a merits question by default.

## II. NO COURT HAS RULED ON INVENTORSHIP

No court in this chain has ruled on the merits of inventorship. The orders under appeal are procedural. The Solos and Defendants; Meta Platforms, Inc., Meta Platforms Technologies, LLC, Oakley, Inc., Luxottica Of America, Inc., Essilorluxottica, USA, LLC, never contested inventorship below. When the Movant-Appellant raised the mechanism by which the work was acquired, the Solos responded by labeling the Movant-Appellant a "vexatious litigant" and

conceding in a limited procedural context that the movant is the true inventor. That concession was not a merits ruling. It was a procedural shield. The panel cannot affirm a judgment that was never independently reached on the merits by any court in this chain.

The Solos may point to the district court's April 15, 2026 order denying the Movant-Appellant's motion to intervene (D. Mass. ruling on ECF No. 58). That order did not rule on inventorship. Carter was attempting to intervene in Solos' action under Federal Rule of Civil Procedure 24 — a threshold question about whether she could join the case as a party — and the inventorship discussion in that order served only that procedural question. The court accepted the Carter's allegations as true, see *B. Fernandez & Hnos., Inc. v. Kellogg USA, Inc.*, 440 F.3d 541, 543 (1st Cir. 2006), found them conclusory as pleaded, and denied intervention. No evidence was received. No 35 U.S.C. § 256 analysis was performed. No court determined who is the inventor. A finding that a pro se pleading was insufficiently detailed is the beginning of the inventorship inquiry, not its end — and it is a further reason the merits question remains undecided and must be decided here.

## III. THE MOTION SEEKS RESTRICTIONS IN PROCEEDINGS NOT BEFORE THIS PANEL

Solos' motion seeks a leave-of-court requirement covering: (a) this case (No. 26-1721); (b) two mandamus proceedings that have already been concluded (Nos. 26-136 and 26-153); and (c) "any subsequently initiated Federal Circuit proceedings arising from" the underlying district court action. ECF No. 70, Conclusion.

A restriction on *closed* mandamus proceedings serves no docket-management purpose; those dockets are no longer active. A restriction on *future, unspecified* proceedings is a restraint imposed before any judge has seen the filing it targets. Whatever authority this panel has over its own docket, it cannot adjudicate restrictions on filings that do not yet exist, without notice and an opportunity to be heard as to each. *Allen v. United States*, 88 F.4th 983, 988–89 (Fed. Cir. 2023). The motion is overbroad to the extent it seeks restrictions beyond this appeal.

## IV. SOLOS' CITATION OF ALLEN IS INVERTED

The Solos cites *Allen v. United States*, 88 F.4th 983 (Fed. Cir. 2023), as authority for its request. The citation is inverted.

*Allen* involved a pro se litigant with at least 24 dismissed federal cases and a sua sponte anti-filing injunction entered by the Court of Federal Claims. This Court

**vacated** that injunction, holding the litigant was entitled to notice and an opportunity to be heard before any restriction could be imposed. *Allen*, 88 F.4th at 988–89. The Solos cites a case that struck down an anti-filing restriction to impose one.

The factual predicate of *Allen* is absent here. No court has made a vexatious-litigant determination in this case. No court has dismissed the Movant-Appellant's filings as frivolous. *Allen* protects litigants from restrictions entered without procedural safeguards; it does not authorize a party to use a restriction as a procedural shield to avoid the merits.

Under 35 U.S.C. § 100(f), the inventor is "the individual who invented or discovered the subject matter of the invention." Nothing in the statute conditions inventorship on voluntary labor, employment, or consent. Solos' control over the Carter’s work (output of innovation and creation) does not transfer inventorship. Involuntary labor does not change who the inventor is; it changes whether the transfer of title is valid. That is the merits question. Solos label is designed to ensure it never gets decided.

## V. THE PER CURIAM DENIALS IN IN RE CARTER, NO. 26-153 DECIDED NOTHING ON THE MERITS

In In re Carter, No. 26-153 (Fed. Cir.), the panel denied the Movant-Appellant's motions to strike, for recusal, for caption modification, and for

rehearing — issued without opinion — leaving the procedural pattern undisturbed. Solos' current motion is the logical next step: if the courts will not address the merits, the Solos will use a procedural motion to ensure the Movant cannot raise them.

In re Carter is a separate original proceeding, not this appeal. A petition for a writ of mandamus is an extraordinary-writ action in its own right, with its own docket and its own disposition — here, a denial that addressed procedural matters, including the conduct of the clerk's office listing five Defendants, Meta Platforms, Inc., Meta Platforms Technologies, LLC, Oakley, Inc., Luxottica Of America, Inc., Essilorluxottica, USA, LLC as non-parties rather than Solos' and detrimental effects of that error cause further exploitation to not only the Movant-Appellant Daitona Carter, but Solos Limited Technologies based on their alleged argument of patent infringement to the five patents correctly disputed by Carter. A denial of mandamus relief is not a ruling on inventorship or title. It says nothing about who invented the subject matter, nothing about who owns it, and nothing about the mechanism by which the work was acquired. Mandamus is denied for reasons particular to the writ — such as the existence of adequate alternative remedies, including this very appeal.

Accordingly, nothing in the In re Carter per curiam bears on the merits of this appeal, and it cannot supply the "judicial findings" Solos' motion lacks. No

court — in this appeal, in either mandamus proceeding, or below — has decided inventorship or title. That absence is the reason the restriction motion exists: it is the procedural route around the merits question that no court will reach. This Court should decide those questions rather than restrict the only party asking it to.

## VI. POINT-BY-POINT RESPONSE TO SOLOS' SUBMISSION

### A. The motion is based on a misrepresentation of the docket.

Solos' motion states: "In the principal appeal, Carter likewise pursued emergency stays, expedition, and other extraordinary relief, several of which the Court denied. Appeal ECF Nos. 19–20, 23, 27."

The docket contradicts this. ECF No. 23 (May 18, 2026) states: "The motions [2], [3] are denied except that ECF No. [6] at 1-2 is accepted for filing." ECF No. 27 (May 22, 2026) denies motions [2] and [15]. Neither order addresses ECF No. 19 or ECF No. 20. ECF No. 19 (May 15, 2026) has never been denied. It remains pending. the Movant-Appellant's ECF No. 47 (Sep. 21, 2026) specifically requests a showing of cause why Motion [19] has remained unaddressed. Six months have passed. The motion is still unruled. Solos builds its "pattern of denied motions" on a motion the Court never resolved.

## B. No oral argument; these filings are the only mechanism available to the Movant to present the record.

ECF No. 60 (Oct. 21, 2026) states: "Argument is not required and this case will be submitted to the panel on the date indicated." On October 23, 2026, the Movant filed a motion to schedule oral argument (ECF No. 62). That motion has not been granted.

Solos argues that the Movant-Appellant's post-briefing filings (ECF Nos. 61, 63, 66–67) raise "a concern that, absent appropriate procedural limitations, further repetitive or unsupported requests will unnecessarily burden Solos and the merits panel … and interfere with the orderly disposition of the appeal." (Emphasis added.) The omitted clause concedes the point: the panel already adopted "appropriate procedural limitations" — ECF No. 45 (Sept. 15, 2026) deferred Motion [41] to the merits panel and directed that further submissions be transmitted to it. That mechanism exists. Solos' motion offers no reason why the panel cannot continue to screen submissions under it.

These filings are not repetitive or unsupported. They are the only mechanism available to the Movant to present newly public facts to a panel that has not ruled on Carter's request for an oral argument. Without them, the panel's record would consist of: (1) the Movant-Appellant's corrected opening brief (ECF No. 31, Jun. 26); (2) Solos' corrected response brief (ECF No. 38, Aug. 7); and (3) the Movant-

Appellant's reply brief (ECF No. 42, Aug. 20). Every fact that became public after August 20 — the six PTAB IPR petitions, the Meta Ray-Ban Display expansion, the Anduril SBMC Phase 2 delivery timeline, the DOJ–SITF creation, the CASB deadline — is absent from the record unless presented through the filings Solos asks the Court to prohibit.

A pre-filing restriction in a case without oral argument is not a screening mechanism. It is a total bar on the appellant's ability to update the record. Allen vacated a restriction where the litigant's access was impaired, 88 F.4th at 988–89, and requires notice and an opportunity to be heard before a pre-filing restriction is imposed. Here, the panel's own denial of argument has already narrowed the appellant's access to the Court. The restriction would narrow it further.

### C. The motion is preemptive — it predates the filing it allegedly responds to.

On November 11, 2026, at 2:08 PM, the Movant filed ECF No. 68 (Motion for Judicial Notice), which stated: "Exhibits A–Q, referenced below, will be filed by supplemental filing within 24 hours." The 24-hour window expired at 2:08 PM on November 12, 2026.

On November 12, 2026, at 11:04 AM — three hours and four minutes before that window expired — Solos filed this motion (ECF No. 70). Solos had not seen

the exhibits. Solos could not have cited them. The motion was filed to prevent a specific, identified filing that the Movant had already committed to make.

On November 12, the Movant was blocked from compressing and uploading the supplemental exhibits due to unauthorized interference with her filing process. The exhibits (ECF No. 72) were filed at 3:14 PM the same day — one hour and six minutes past the committed window. The commitment was kept. The restriction was unnecessary.

### D. The "conferral" was a single email to a party who was actively filing — and is now answered.

Solos states: "counsel for Plaintiff-Solos Solos Technology Limited emailed Movant-Appellant Carter on November 11, 2026, to ascertain her position regarding the relief requested in this motion. Carter did not respond to that inquiry."

First, the Movant had no obligation to respond to Solos' email, and her non-response violated no rule. Second, the email was sent on November 11 — the same day the Movant filed ECF No. 68 at 2:08 PM. The Movant was actively filing. Third, Solos itself reports that on November 12 the Movant filed an emergency motion for a stay pending appeal under Rules 8 and 18 (ECF No. 69, entered 9:27 AM) — filed *before* Solos filed this motion at 11:04 AM. A party filing emergency motions daily was not evading conferral. Fourth, this opposition now constitutes

the Movant-Appellant's response to the conferral inquiry, and her position — full opposition — is no longer unknown. Finally, the Movant-Appellant's ECF No. 19 (May 15, 2026), which remains pending and unaddressed, seeks "Funds for Independent Security/Secure Housing chosen by Appellant" and "Forensic Medical/Toxicological screening for life-safety emergency" — the docket entry title is visible in the Court's own index. Under these documented conditions, a single email to a party with documented security threats is not a "good-faith effort to resolve the dispute without court action."

**E. Regarding Solos' defamatory characterization.**

Solos' submission characterizes the Movant-Appellant's filings as a pattern of frivolousness and harassment. This characterization is not supported by the record.

No court has found the Movant-Appellant's filings frivolous. No court has made a vexatious-litigant determination. The label "vexatious litigant" was Solos' consistent response in the district court to any attempt by the Movant to discuss the mechanism by which the work was acquired. It was a rhetorical device, not a judicial finding.

Solos' own concession in the district court — that the movant is the true inventor — confirms that the Movant-Appellant's filings are not frivolous. **Judge**

**Burroughs order cites Solos' own words from ECF No. 105 at 7, *Solos v Meta, et al*, (D. Mass), "As Solos notes, Carter's filings reflect, at most, "...work in smart glasses technology, software concepts, or prior projects..."** No concrete, claim-level contributions are required to be identified or presented to intervene under Rule 24. Hence, a party who concedes the Movant-Appellant's inventorship and then labels the Movant-Appellant's filings as frivolous is not making a good-faith assessment of the record. The Movant-Appellant's filings are the only path available to establish what Solos' own concession implies: that the work belongs to the Movant.

### F. Regarding the scope of the requested restriction.

As set forth in Section III, the requested leave requirement extends to two concluded mandamus proceedings (Nos. 26-136, 26-153) and to any "subsequently initiated" Federal Circuit proceeding arising from the same district court action. ECF No. 70, Conclusion. A restriction on concluded proceedings is superfluous. A restriction on future proceedings is imposed before any filing exists to evaluate, and before any notice or opportunity to be heard as to it. This is not a tailoring problem. It is a jurisdictional and due-process defect. The panel cannot grant what it has no authority to grant.

### G. Regarding the timing of the motion.

In In re Carter, No. 26-153, the Movant-Appellant's Motion to Strike (Doc. 9) and Petition for Rehearing/En Banc (Doc. 10) — challenging the per curiam order that mischaracterized her mandamus petition — were denied on November 10, 2026. Doc. 70 was filed November 12, 2026 — two days later, and three hours and four minutes before the Movant-Appellant's committed exhibit-filing window expired (Section VI.C). The Solos does not explain why the restriction was necessary immediately after those events rather than at any other point during the pendency of this appeal. The timing is not incidental. A pre-filing restriction on subject matter the Court has already ruled on is not a prospective safeguard. It is a second attempt to dispose of the same issue under a different procedural label — and a motion to restrict a party's filings, filed two days after an adverse ruling on that party's procedural motions and hours before a filing it commits to preventing, is a preemptive and retaliatory mechanism. The panel should note the timeline.

### H. Regarding Solos' failure to disclose the PTAB IPRs.

Solos' submission does not disclose the active PTAB inter partes review proceedings seeking to invalidate the patent at issue while this appeal is pending. Those IPRs were filed by the defendants and are directly material to this appeal. Solos' failure to disclose them is a candor problem. The panel made its prior decisions on the mandamus and IFP petitions without knowing the patent was

being actively attacked at the PTAB. Solos' current submission repeats the same omission. The panel should deny this motion on candor grounds alone.

**I. Regarding Solos' standing.**

Solos' parent company holds a 20% equity stake in a company on the same government defense project as the defendants. The Solos is not injured by the defendants' conduct; the Solos is financially benefited by it. The Solos is using this Court to restrict the Movant-Appellant's filings while its own corporate structure means it is a co-beneficiary of the very conduct it is suing over. The panel should note this before granting any relief requested by the Solos.

**J. Regarding the address requirement as a control mechanism.**

The threat is in the record. ECF No. 23 (May 18, 2026) directed: "Within seven days from the date of entry of this order, Ms. Carter is directed to comply with Federal Circuit Rule 15(a)(3) by providing her current address and telephone number. Failure to comply will result in dismissal of this appeal for failure to prosecute."

The Movant, a trafficking victim under the TVPA with no safe address, faced a procedural requirement applied as a condition of continued access to the court, with dismissal as the enforcement mechanism — and the condition was public disclosure of her address. For a trafficking victim, a public address is a

safety risk. The requirement was not applied neutrally. Solos' characterization of the Movant-Appellant's filings as "frivolous" or "harassing" ignores that the Movant was operating under a procedural threat that a trafficking victim cannot safely comply with. The panel should consider the context in which the Movant-Appellant's filings were made before characterizing them.

**K. Regarding Solos' argument that the restriction is needed for docket management.**

The Solos argues the restriction is needed to manage the docket. The docket does not support this. The Movant-Appellant's filings in this case are the only mechanism available to raise the inventorship and title questions that no court has decided. Restricting them does not manage the docket. It empties the appeal of its substance. Solos' own submission confirms that the Movant-Appellant's filings are substantive: they address inventorship, title, the mechanism of acquisition, and Solos' standing. Those are not frivolous topics. They are the merits.

**L. Regarding Solos' reliance on the record.**

Solos' submission relies on the district court's orders to support the restriction. Those orders were the product of verbatim adoption of Solos' own language, without independent judicial analysis. Under *Anderson v. City of Bessemer City*, 470 U.S. 564 (1985), findings that are "not the product of the workings of the district judge's mind" carry no independent judicial weight. The

Solos cannot rely on orders that were never independently reached to justify a restriction on the Movant-Appellant's filings.

## VII. CONCLUSION

Solos' submission is a procedural shield. It does not address the merits. It does not address inventorship. It does not address title. It does not address the mechanism by which the work was acquired. It does not address Solos' standing. It does not disclose the PTAB IPRs. It does not explain the timing. It does not acknowledge the jurisdictional and due-process defects in its scope.

## VIII. RELIEF REQUESTED

Movant-Appellant respectfully requests that the panel:

**(a)** Deny Solos' Motion for Pre-Filing Restrictions (ECF No. 70) in its entirety;

**(b)** Note for the record that ECF No. 19 remains pending and unaddressed, and that the docket entries cited by Solos (ECF Nos. 23, 27) do not address ECF No. 19;

**(c)** Note for the record that the panel declined oral argument (ECF No. 60) and that the Movant-Appellant's motion to schedule argument (ECF No. 62) has not been granted;

**(d)** Note for the record that ECF No. 70 was filed at 11:04 AM on November 12, 2026 — three hours and four minutes before the Movant-Appellant's committed filing window expired — and that the committed filing (ECF No. 72) was made at 3:14 PM the same day;

**(e)** Note for the record that ECF No. 45 deferred Motion [41] to the merits panel for disposition;

**(f)** In the alternative, limit any restriction to this appeal only (No. 26-1721), and decline to impose any restriction on the concluded mandamus proceedings (Nos. 26-136, 26-153) or on any future proceeding, as beyond this panel's authority and inconsistent with *Allen*, 88 F.4th at 988–89;

**(g)** Decide the appeal on the merits; and

**(h)** Issue a written opinion.

Dated: November 15, 2026

Respectfully submitted,
/s/ Daitona Carter
Daitona Carter, Movant-Appellant, Pro Se
General Delivery, Main Post Office
2 Massachusetts Ave NE
Washington, DC 20002
legal@daitonacarter.com

**CERTIFICATE OF SERVICE**

I hereby certify that on November 15, 2026, a copy of the foregoing Opposition was filed with the Clerk of the United States Court of Appeals for the Federal Circuit using the Court's CM/ECF system, and served by electronic mail.

/s/ Daitona Carter
Daitona Carter, Movant-Appellant, Pro Se

**CERTIFICATE OF COMPLIANCE**

This Opposition complies with the type-volume limitation of Fed. Cir. R. 32(b)(1) because it contains 3322 words, excluding the parts exempted by Fed. Cir. R. 32(b)(2) and Fed. R. App. P. 32(f). This document has been prepared in a proportionally spaced typeface using 14-point font.

/s/ Daitona Carter

Daitona Carter, Movant-Appellant, Pro Se